PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $48,500.00 IN U.S. CURRENCY,<br><br>　　　　　　　　Defendant. | 2:21-MC-00012-MCE-DB<br><br>CONSENT JUDGMENT OF FORFEITURE |

　　　　Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

　　　　1.　　　On August 26, 2020, federal and state law enforcement executed search warrants at five real properties in San Joaquin County that had been converted into illegal marijuana grow houses. One of the properties searched was 1443 London Avenue, Manteca, California where law enforcement seized a total of $48,500.00 in U.S. Currency ("defendant currency").

　　　　2.　　　The U.S. Customs and Border Protection ("CBP") commenced administrative forfeiture proceedings, sending direct written notice to all potential claimants and publishing notice to all others. On October 22, 2020, CBP received a claim from Min Guo ("Guo") and Lianfeng Li ("Li") asserting ownership in $18,500.00 of the $48,500.00 in U.S. Currency. On October 22, 2020, the CBP received a claim from Xiaobing Wang ("Wang") asserting an ownership in $30,000.00 of the $48,500.00 in U.S. Currency.

　　　　3.　　　The United States represents that it could show at a forfeiture trial that since mid 2020 the

Manteca Police Department was investigating multiple illegal marijuana grow houses associated with Wang, Guo, Li, and others. On August 26, 2020, law enforcement executed search warrants at the following real properties: (1) 1443 London Avenue, Manteca, CA; (2) 864 Zurich Way, Manteca, CA; (3) 5691 Vintage Circle Stockton, CA; (4) 1543 Nicol Way, Manteca, CA; and (5) 11307 Talc Street, Lathrop, CA.

4.  The United States represents that it could further show at a forfeiture trial that during the execution of a search warrant at the Zurich Way property, law enforcement found approximately 352 mature marijuana plants and approximately 136 small marijuana plants. The Zurich Way property is owned by Wang. During the execution of a search warrant at the Vintage Circle property, law enforcement found approximately 181 marijuana plants. The Vintage Circle property is owned by Guo. At the Nicol Way property, law enforcement found mail addressed to Wang, and utility bills for the other grow houses, pay/owe notebooks, copies of a $30,000 and a $95,000 cashier's check, and $5,071.00 in cash. Wang was arrested at the Nicol Way property and was charged with five counts of violating state drug laws. On April 30, 2021, Wang pled guilty to two counts of Cultivation Marijuana; More than six Plants in violation of Health & Safety Code § 11358(c).

5.  The United States represents that during the execution of a search warrant at the Talc Street property, law enforcement found approximately 487 marijuana plants and keys for a vehicle parked at the Nicol Way property. At the London Avenue property, law enforcement found $30,500.00 in cash and ledgers that referenced the other grow houses. Law enforcement found $18,000 in cash in Guo and Li's bedroom. The London Avenue property is owned by Guo.

6.  The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

7.  Without admitting the truth of the factual assertions contained above, claimants specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Claimants acknowledged that they are the sole owners of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency,

claimants shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $31,000.00 of the Approximately $48,500.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $17,500.00 of the Approximately $48,500.00 in U.S. Currency shall be returned to claimants Xiaobing Wang, Min Guo, and Lianfeng Li through their attorney Mark Reichel.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated:  August 21, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

4

Consent Judgment of Forfeiture